ON PETITION FOR REHEARING
Sept. 15, 1993.
Before KING, HIGGINBOTHAM and DeMOSS, Circuit Judges.
PER CURIAM:
We deny the petition for rehearing filed by Hibernia National Bank, as well as the petition for rehearing filed by John Carner. Nonetheless, we wish to clarify our holding that Hibernia is precluded from relitigating its entitlement to post-petition interest, attorney’s fees, and costs.
In our original decision, we concluded that Hibernia could not relitigate these issues under principles of res judicata. Our discussion of the question, however, reveals that we were using “res judicata” in the general sense — i.e., to refer to issue preclusion as well as claim preclusion. See IB Moore’s Federal Practice ¶.405[1] (2d ed. 1993). We specifically noted (1) that in the 1988 adversary proceeding in bankruptcy court, Hibernia sought a judgment for the full amount due under the terms of the notes— including attorney’s fees, costs, and interest, (2) that Hibernia’s claims for post-petition interest and attorney’s fees were considered by the bankruptcy court, and (3) that the bankruptcy court declined to award attorney’s fees, costs, and post-petition interest.
We now make clear that Hibernia is precluded from relitigating these issues under principles of issue preclusion, or collateral estoppel. See Montana v. United States, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979) (“Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.”). Moreover, to avoid any further confusion on the question, we delete footnote 20 from our prior opinion.